Amanda **FLORES**, Plaintiff–Appellant,

v.

**AMCO INSURANCE COMPANY,**
Defendant–Appellee.

No. 07–17259.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2009.*

Filed April 23, 2009.

Ted R. Frame, Esq., Frame & Matsumoto, Coalinga, CA, for Plaintiff–Appellant.

Julian J. Pardini, Esq., Rene Gamboa, Esq., Lewis Brisbois Bisgaard & Smith, LLP, San Francisco, CA, for Defendant–Appellee.

Before: NOONAN, ARCHER,** and McKEOWN, Circuit Judges.

MEMORANDUM ***

Amanda Flores ("Flores") appeals the district court's order dismissing her insurance coverage claims and entering judgment in favor of AMCO Insurance Company ("AMCO"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

In granting AMCO's Fed.R.Civ.P. 12(b)(6) motion, the district court concluded that the sexual conduct exclusion contained in Flores's homeowner's insurance policy was not ambiguous and specifically excluded the conduct at issue. We agree.

The plain meaning of the sexual conduct exclusion is clear. It is a broad exclusion stating that any bodily injury or property damage arising out of sexual conduct, no matter by whom, is excluded from liability

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

588

coverage. The location of the sexual conduct exclusion does not render the otherwise clear language ambiguous.

The sexual conduct exclusion makes clear that the policy does not cover bodily injury caused by any person, including those other than the insured. Accordingly, Flores was not entitled to defense and indemnity for any of the claims in the underlying suit for which she sought coverage, because AMCO has established the absence of any potential for coverage. *See Montrose Chem. Corp. of Cal. v. Superior Court,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1161 (1993) (stating that in order "[t]o prevail, the insured must prove the existence of a potential for coverage, while the insurer must establish the absence of any such potential.") (emphasis omitted).

**AFFIRMED.**